47 N.J. Super. 449 (1957)
136 A.2d 53
BRUNO W. BETZ, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF ROBERT OTTMAN BETZ, DECEASED, PLAINTIFF,
v.
DIRECTOR OF THE DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 15, 1957.
*450 Mr. Paul Colvin, attorney for plaintiff.
Mr. John T. Madden, attorney for defendant (Messrs. Dolan & Dolan, attorneys).
CONCILIO, J.C.C. (temporarily assigned).
Bruno W. Betz, administrator ad prosequendum of the estate of Robert Ottman Betz, deceased, has begun an action against the Director of Motor Vehicles in the Department of Law and Public Safety of the State of New Jersey under N.J.S.A. 39:6-79, a section of the Unsatisfied Claim and Judgment Fund Law. Plaintiff alleges that on or about July 16, 1956, while the deceased, Robert Ottman Betz, was traveling on Route 15 in the Township of Sparta, County of Sussex *451 and State of New Jersey, in a general northerly direction, he was forced off the road by a vehicle whose identity and driver are unknown, going in a general southerly direction, which crossed on the decedent's side of the road and caused the decedent to strike an object. As a result of the negligence of the unknown driver, Robert Ottman Betz was fatally injured.
Decedent was a resident of the State of New York at the time of the accident. Plaintiff further alleges that he has filed an intention to file a claim pursuant to our statute and that the decedent was not covered by workman's compensation.
The defendant has moved to dismiss the action commenced by the plaintiff on the grounds that the complaint does not establish a cause of action against the defendant.
The sections of the Unsatisfied Claim and Judgment Fund Law dispositive of this motion are:
N.J.S.A. 39:6-62: "As Used in this act 
* * * `Qualified person' means a resident of this State or the owner of a motor vehicle registered in this State or a resident of another State, territory, or Federal district of the United States or Province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act. * * *"
N.J.S.A. 39:6-78: "When the death of, or personal injury to, any person arises out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained or it is established that the motor vehicle was at the time said accident occurred, in the possession of some person other than the owner without the owner's consent and that the identity of such person cannot be ascertained, any qualified person who would have a cause of action against the operator or owner or both in respect to such death or personal injury for a sum in excess of $200.00 exclusive of interest and costs, may, bring an action therefor against the director in any court of competent jurisdiction, but no judgment against the director shall be entered in such an action unless the court is satisfied, upon the hearing of the action, that 
(a) The claimant has complied with the requirements of section 5,
(b) The claimant is not a person covered with respect to such injury or death by any workmen's compensation law, or the personal representative of such a person,
(c) The claimant was not at the time of the accident operating or riding in an uninsured motor vehicle owned by him or his *452 spouse, parent or child, and was not operating a motor vehicle in violation of an order of suspension or revocation,
(d) The claimant has a cause of action against the operator or owner of such motor vehicle or against the operator who was operating the motor vehicle without the consent of the owner of the motor vehicle,
(e) All reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established,
(f) The action is not brought by or on behalf of an insurer under circumstances set forth in paragraph (b) of section 10." L. 1952, c. 174, p. 585, § 18, as amended L. 1955, c. 1, p. 20, § 9; L. 1956, c. 150, p. ___, § 1.
N.J.S.A. 39:6-79: "When in an action for a sum in excess of $200.00 in respect to the death of, or personal injury to, any person, arising out of the ownership, maintenance or use of a motor vehicle in this State on or after April 1, 1955, judgment is rendered for the defendant on the sole ground that such death or personal injury was occasioned by a motor vehicle  (a) The identity of which, and of the owner and operator of which, has not been established, or (b) Which was in the possession of some person other than the owner or his agent without the consent of the owner and the identity of the operator has not been established, such cause shall be stated in the judgment and the plaintiff in such action may within 3 months from the date of the entry of such judgment make application for authority to bring an action upon said cause of action against the director in the manner provided in section 18." L. 1952, c. 174, p. 586, § 19, as amended L. 1955, c. 1, p. 21, § 10.
Query: Is this action brought by a qualified person within the purview of this act?
As the decedent was a resident of the State of New York when he met his untimely death on Route 15 in Sparta Township, Sussex County, New Jersey, it would, of necessity, have to be determined whether the State of New York affords the residents of this State recourse of substantially similar character to that provided for by N.J.S.A. 39:6-61 to 91, inclusive.
The plaintiff contends that chapter 655 of the Laws of 1956 of the State of New York is substantially similar in character to the recourse provided for residents of New Jersey by the Unsatisfied Claim and Judgment Fund Law. *453 The title of the New York statute is "Motor Vehicle Financial Security Act." The purpose of this act is succinctly set forth in Vehicle and Traffic Law, McK. Consol. Laws, c. 71, section 93(2):
"(2) Declaration of purpose. The legislature is concerned over the rising toll of motor vehicle accidents and the suffering and loss thereby inflicted. The legislature determines that it is a matter of grave concern that motorists shall be financially able to respond in damages for their negligent acts, so that innocent victims of motor vehicle accidents may be recompensed for the injury and financial loss inflicted upon them. The legislature finds and declares that the public interest can best be served in satisfying the insurance requirements of this article by private enterprise operating in a competitive market to provide proof of financial security through the methods prescribed herein. Nothing in this article shall be construed to effect any change in the application of article eight of the insurance law to automobile liability insurance rate-making or to effect the development of various methods of doing or operating an automobile liability insurance business."
Under the Unsatisfied Claim and Judgment Fund Law of the State of New Jersey, a fund was created out of which those suffering damage or injury by reason of the operation or use by others of a motor vehicle in the State of New Jersey might recover, provided they were free from fault as to the cause of the damage or injury, and provided no other means or source of recovery for the damage or injury is available. The fact that the damage or injury was caused by a hit-and-run driver, the operator of a stolen motor vehicle, or the operator of a motor vehicle used without permission, in no way affects the innocent victim's right to recover from the fund. If the operator of the motor vehicle responsible for the damage had no liability insurance and is unable to respond financially, and there is no other source of recovery, the innocent victim is entitled to payment from the fund provided he meets the other requirements of the law.
The above-cited New York statute provides that no motor vehicle shall be registered in New York unless the application for such registration is accompanied by proof of financial security which shall be evidenced by a certificate of insurance, *454 or evidence of a financial security bond, a financial security deposit, or qualification as a self-insurer under the act. Violations of the act are discouraged by the imposition of penalties, but no fund is created to provide a source of recovery for the innocent victims who suffer damage or injury by reason of the operation or use of a motor vehicle without complying with the act by one who is financially irresponsible. The New York statute offers no recourse for those who suffer damage or injury at the hands of a hit-and-run driver, the operator of a stolen motor vehicle, or the operator of a motor vehicle used without the owner's permission. There is no fund of any kind established under the New York statute.
The New York statute attempts to decrease the number of persons who find themselves placed in such a predicament by requiring proof of financial security from all who seek to register a motor vehicle in New York, but no recourse is provided for one who finds himself in a position where financial recovery for his injury or damage is impossible. The New York statute imposes penalties against the wrongdoer but it does not afford relief to the innocent victim.
As chapter 655 of the Laws of 1956 of the State of New York does not afford New Jersey residents recourse substantially in character to the recourse provided for New Jersey residents by N.J.S.A. 39:6-61 to 91, inclusive, and the plaintiff's decedent fails to meet the statutory definition of a qualified person under the Unsatisfied Claim and Judgment Fund Law, the complaint filed by him should be dismissed.