BRUNO W. BETZ, ADMINISTRATOR *AD PROSEQUENDUM* OF THE ESTATE OF ROBERT OTTMAN BETZ, DECEASED, PLAINTIFF-APPELLANT, v. DIRECTOR OF DIVISION OF MOTOR VEHICLES IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued May 6, 1958—Decided June 16, 1958.

Mr. *Paul Colvin* argued the cause for the appellant.

Mr. *John T. Madden* argued the cause for the respondent (*Messrs. Dolan and Dolan,* attorneys; Mr. *William Martin Cox,* on the brief).

The opinion of the court was delivered by

PROCTOR, J. Plaintiff, the administrator *ad prosequendum* of the estate of Robert Ottman Betz, instituted an action against the Director of the Division of Motor Vehicles pursuant to *N. J. S. A.* 39:6–78 of the Unsatisfied Claim and Judgment Fund Law. *L.* 1952, *c.* 174, *p.* 570, as amended, *N. J. S. A.* 39:6–61 to 91. The complaint alleged that on July 16, 1956 Betz was killed while driving an automobile on Route No. 15 in Sparta Township, Sussex County, New Jersey, when he was negligently forced off the road by a motor vehicle, the identity of which and that of its owner and operator were unknown. The complaint further stated that at the time of the accident the decedent was a resident of the State of New York, and that his personal representative, the plaintiff, is also a resident of that state. There was no allegation that decedent was an owner of a motor vehicle registered in New Jersey.

The Director moved to dismiss the complaint for failure to state a cause of action on the ground that the decedent was not a "qualified person" within the purview of *N. J. S. A.* 39:6–62. The trial court granted the motion, holding that since the state of decedent's residence, New York, did not afford New Jersey residents recourse of a substantially similar character to that provided by the New Jersey Fund law, plaintiff's decedent was not a "qualified person"; therefore, plaintiff could not maintain an action against the Director.

Plaintiff's appeal has been certified for review by this court on its own motion.

At the oral argument the court called to counsels' attention that New York had, on April 15, 1958, enacted an amendment to the New York Motor Vehicle Financial Security Act, *L.* 1956, *c.* 655, Vehicle and Traffic Law, *McKinney's Consol. Laws, c.* 71, § 93 *et seq.* Subsequent to the oral argument counsel for both parties submitted supplemental briefs dealing with the effect of this amendment.

The plaintiff contends that the victim of a "hit-and-run" accident need not be a "qualified person," as defined in *N. J. S. A.* 39:6–62, in order to maintain an action against the Director pursuant to *N. J. S. A.* 39:6–78; that the language of this section "When the death of * * * any person arises out of [a hit and run accident]" should be construed to mean "that any victim, regardless of the qualifications set forth in the definition of terms in the statute (*R. S.* 39:6–62), should have the right to the cause of action created by the statute." Plaintiff further contends that the decedent was a "qualified person" within the definition of *N. J. S. A.* 39:6–62 since the State of New York affords a remedy substantially similar to that provided in New Jersey.

■ The language of the relevant provisions of the statute effectively refutes the plaintiff's contention that "any person" who is the victim of a "hit-and-run" accident may maintain an action against the Director. *N. J. S. A.* 39:6–78 provides *inter alia:*

"When the death of * * * any person arises out of the ownership, maintenance or use of a motor vehicle in this State * * * but the identity of the motor vehicle and the operator * * * thereof cannot be ascertained * * *, *any qualified person* who would have a cause of action against the operator or owner or both in respect to such death, * * * may bring an action therefor against the director * * * but no judgment against the director shall be entered * * * unless the court is satisfied, upon * * * hearing the action, that—

(a) The claimant has complied with * * * requirements of section 5. [*N. J. S. A.* 39:6–65] * * *." (Italics supplied.)

Section 5 (*N. J. S. A.* 39:6–65) requires that a notice of intention to make a claim against the Fund be filed within 90 days after the accident. The section provides *"Any qualified person,* or the personal representative of *such person"* shall file such notice. (Italics supplied.) The term *qualified person* is defined by *N. J. S. A.* 39:6–62 as "a resident of this State or the owner of a motor vehicle registered in this State or a resident of another state, territory, or Federal district of the United States or Province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act."

While *N. J. S. A.* 39:6–78 employs the phrase "any person" in describing the circumstances which would give rise to a cause of action against the Director, that phrase cannot be construed without reference to the remainder of the section. The section when read in its entirety leaves no doubt that the phrase "any person" is restricted in its meaning by the subsequent use of the phrase "any qualified person." The Legislature did not provide that "any person" shall have recourse to the Fund. The pertinent provisions of the statute clearly indicate that only a "qualified person" may seek recovery from the Fund. We cannot assume that the Legislature attached no significance to the word "qualified" when it specifically provided that relief under *N. J. S. A.* 39:6–78 should be available to any "qualified person who would have a cause of action." The construction urged by the plaintiff would contravene the express intent of the Legislature that only a "qualified person" as defined by *N. J. S. A.* 39:6–62 may avail himself of the benefits of the act. Such a construction would render the word "qualified" superfluous. There is no ambiguity in *N. J. S. A.* 39:6–78 in this respect and its plain meaning must be given effect.

Plaintiff further contends that the New York Motor Vehicle Financial Security Act, *L.* 1956, *c.* 655, affords a substantially similar remedy to a New Jersey resident, who is injured in New York, as would be available to such a

person if he were injured in New Jersey under our Fund law. The New York act requires that all persons registering motor vehicles in New York must give proof of their financial responsibility by showing the issuance to them of a policy of liability insurance, or the posting of a financial security bond or a security deposit, or qualification as a self-insurer. Plaintiff argues that this statute affords "100% coverage to victims of accidents" and "therefore does not need a fund to complement, or cover, the area of persons uninsured." He asserts that there is no substantial disparity between the laws of New Jersey and New York since they both seek to attain the same objective, *i. e.,* to afford recovery to the victims of motor vehicle accidents; that they differ merely as to the method of attaining that objective. Plaintiff expands his contention by stating that "New Jersey eliminates the risk of no recovery by the creation of a fund to guarantee payment where drivers are not insured: New York eliminates the risk by requiring every vehicle on its highways, resident or non-resident, to carry insurance."

We cannot agree with plaintiff's contention that the New York legislation referred to meets the standard of substantial similarity contained in *N. J. S. A.* 39:6–62. The New Jersey Fund law provides a comprehensive plan designed to provide a remedy to any qualified person who sustains personal injury or death at the hands of a financially irresponsible or unknown motorist. The New Jersey act provides a remedy for such a person whether the person who inflicted the damage is a resident or non-resident, or whether he was driving a stolen vehicle or operating a vehicle without the permission of the owner. Furthermore, the Fund law affords protection to victims of "hit-and-run" accidents, a protection not afforded by compulsory insurance laws. In so doing, it gives an additional protection to the innocent victim of the irresponsible and perhaps criminal motorist.

The New York act falls far short of affording a New Jersey resident the protection available under the New Jersey Fund law in many significant respects. The New York act

does not provide any recourse for a person who sustains injury or death in an accident caused by an uninsured motor vehicle which was not registered in the State of New York. Even more significant is the failure of the New York act to provide recourse for the victims of "hit-and-run" accidents. Compulsory insurance cannot benefit a victim who is unable to identify the tortfeasor. Additionally, no recourse is provided where a victim is injured by a stolen motor vehicle or by a motor vehicle operated without the permission of its owner. Moreover, the New York law provides no recourse for a victim where the insurance carrier successfully disclaims liability or denies coverage. While it is true that the New York act imposes penalties against a tortfeasor who fails to comply with its provisions, such penalties do not inure to the benefit of an innocent victim.

It is evident that the New York Motor Vehicle Financial Security Act does not afford recourse to residents of New Jersey of a substantially similar character to that provided by the New Jersey Fund law. We do not imply that *N. J. S. A.* 39:6–62 requires complete identity of the foreign legislation with ours. Some points of difference may, and in all probability must, exist. Reciprocity does not require that the foreign law exactly parallel that of New Jersey. However, where a person is injured by a motor vehicle, the recourse afforded by the New York statute on the same operative facts, is markedly dissimilar and far less beneficent than that available under our act. The present case, involving a "hit-and-run" accident, is a striking example of this difference. Scott H. Elder in his analysis of the New Jersey Fund law's reciprocal provision (*N. J. S. A.* 39:6–62) in *Current Trends in State Legislation,* 1953–1954, *pp.* 45 to 197 (1954), states at *page* 85: "* * * the test of reciprocity most often applied in specific cases is whether the state from which the nonresident comes would extend an equal benefit to a nonresident upon the same facts." It is apparent that on the facts of this case, the law of New York would not extend a benefit to

a New Jersey resident similar to that available under the law of New Jersey.

We conclude that the decedent was not a "qualified person" within the meaning of *N. J. S. A.* 39:6–62 and that the plaintiff, as his administrator *ad prosequendum,* cannot maintain this action.

Our conclusion is strengthened considerably by the fact that the New York Legislature, on April 15, 1958, enacted the Motor Vehicle Accident Indemnification Corporation Law, *L.* 1958, *c.* 759, Insurance Law, *McKinney's Consol. Laws, c.* 28, § 600 *et seq.* That law creates an unsatisfied judgment fund similar to that in existence in our state. Its enactment is a most persuasive indication that the New York Legislature did not deem its existing law, the Motor Vehicle Financial Security Act, *L.* 1956, *c.* 655, to be substantially similar to our fund legislation. The plaintiff's contention that since the New York Motor Vehicle Accident Indemnification Corporation Law was enacted as an amendment to the Motor Vehicle Financial Security Act of 1956, it operates retroactively, and the 1956 act should be construed as if it had been originally enacted in its amended form, is without merit. The 1958 amendment of the 1956 act specifically provides that it shall become effective on January 1, 1959. The designation of that date as the time when the amendment shall become effective negatives any contention that it could be construed to be applicable to the present case.

The judgment is affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, FRANCIS and PROCTOR—6.

*For reversal*—None.