66 N.J. Super. 224 (1961)
168 A.2d 813
SARAH RUDNICK, PLAINTIFF-APPELLANT,
v.
FRED BENTLER AND KENNETH MILSON, DEFENDANTS.
UNSATISFIED CLAIM AND JUDGMENT FUND BOARD OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 6, 1961.
Decided March 22, 1961.
*225 Before Judges CONFORD, FREUND and KILKENNY.
Mr. Donald R. Sorkow argued the cause for appellant (Messrs. Sorkow and Sorkow, attorneys).
Mrs. Annamay T. Sheppard argued the cause for respondent (Mr. William O. Barnes, Jr., attorney; Mr. Barnes on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
On February 18, 1957 plaintiff Sarah Rudnick, while a passenger in an automobile owned and operated by one Kenneth Milson, was injured when the Milson vehicle was struck by a car owned and driven by one Fred Bentler. The accident occurred at or near the intersection of two highways in Elizabeth, N.J.
Realizing that Milson was a Florida resident and domiciliary and that his vehicle was registered in Florida, and learning that Bentler, a Newark resident whose automobile was registered in New Jersey, did not carry insurance at the time of the accident, plaintiff filed, on May 17, 1957, a *226 notice of intention to make claim with the Unsatisfied Claim and Judgment Fund Board. The Board, on May 21, 1957, impliedly rejected her application because she was neither a New Jersey resident nor the owner of a motor vehicle registered in this State. Plaintiff was and still is a New York resident.
Suit was thereafter instituted in the Law Division, Union County, against Bentler; the latter, although personally served with process, defaulted in appearance, and judgment was entered on February 27, 1959 in the sum of $15,000. It appeared at the ex parte hearing that Bentler was solely responsible for the collision.
After exhausting all reasonable efforts to locate Bentler in order to satisfy the judgment, plaintiff, on April 1, 1960, served a notice of motion seeking an order for payment of the judgment to the extent of the then existing limits of the Fund. From an order denying her application for payment, plaintiff brings this appeal.
The paramount legal issue for our consideration is whether plaintiff is a "qualified person" within the meaning of N.J.S.A. 39:6-62 and therefore entitled to the benefits of our Unsatisfied Claim and Judgment Fund Law, N.J.S.A. 39:6-61 et seq. A subsidiary question raised by plaintiff is whether the rights of a nonresident applicant to the Fund are to be determined as of the date of accident or the date of application for payment.
N.J.S.A. 39:6-62 defines a "qualified person" as:
"* * * a resident of this State or the owner of a motor vehicle registered in this State or a resident of another State, territory, or Federal district of the United States or Province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act."
The "substantially similar recourse" provision was subjected to detailed scrutiny in Betz v. Director, Div. of Motor Vehicles, 27 N.J. 324 (1958), also involving an application *227 on behalf of a New York resident. There, plaintiff's decedent was killed in Sparta Township, New Jersey, when his vehicle was negligently forced off the road by a "hit and run" driver. After rejecting plaintiff's contention that the phrase, "any person," in N.J.S.A. 39:6-78, was not subject to the definitional limitation of "qualified person" in N.J.S.A. 39:6-62, the court proceeded to determine whether the then existing New York Motor Vehicle Financial Security Act, L. 1956, c. 655, afforded a remedy to nonresident victims substantially similar to that provided in New Jersey.
The Supreme Court pointed out that, in contrast to the New Jersey statute, the New York act did not provide recourse for a person sustaining injury or death in an accident caused by an uninsured motor vehicle, unregistered in New York State; that it left without adequate remedy the victim of injury by a stolen motor vehicle, an automobile operated without the permission of the owner, or a car driven under other circumstances in which the insurance carrier successfully escaped coverage; that it failed to aid a victim unable to identify his tortfeasor; and that the penalties imposed upon a tortfeasor who failed to comply with the compulsory insurance provision of the statute did not inure to the benefit of the innocent victim. The court therefore concluded that the remedies afforded an injured person by the acts of the two states were markedly dissimilar, and held that the plaintiff's decedent was not a "qualified person" within the scope of our statute.
The instant plaintiff advances several propositions in an effort to avoid being pinned squarely to the mat by the Betz decision. She argues, first, that the holding in Betz must be limited to the particular factual situation there involved, i.e., a "hit and run" accident. This is not, however, a material distinction, in the light of the Supreme Court's analysis of the "qualified person" provision and its careful comparison of the New York and New Jersey legislation. Plaintiff must establish herself as a "qualified person" as a condition precedent to the effective giving of *228 notice of intention to file a claim, N.J.S.A. 39:6-65, and to the actual application for payment of judgment. N.J.S.A. 39:6-69. To achieve such a status, she must clearly demonstrate that she is resident in a jurisdiction whose motor vehicle accident indemnification laws approximate the coverage and protection of the New Jersey statute. Whether plaintiff is the victim of a "hit and run" driver or an identifiable but financially irresponsible motorist is therefore of no consequence. In either event, the New York law, as it existed at the time of this accident, would not have furnished a comparable remedy to a New Jersey resident injured on the New York highways.
But even if we were to accept plaintiff's argument that all she has to show is that a New Jersey resident could have substantially the same recourse under the New York statute as New Jersey gives "on the same operative facts," Betz, supra (27 N.J., at p. 330), she still fails to meet the "qualified person" criterion. Her assertion is that the tortfeasor, Bentler, was lawfully on the highways of New Jersey at the time he injured her, and that, for the purpose of comparing the two statutes, it must be assumed that the hypothetical New York tortfeasor is also operating his vehicle lawfully. Making that assumption, plaintiff concludes that a lawful New York driver would be insured; ergo, the New Jersey victim would have an adequate remedy.
The ingenuity of this argument is matched only by the speciousness of the assumption on which it is based. A similar contention was advanced by the plaintiff in Betz, to the effect that "`New York eliminates the risk [of nonrecovery] by requiring every vehicle on its highways, resident or nonresident, to carry insurance.'" 27 N.J., at p. 329, supra. The Supreme Court dismissed this reasoning simply by noting that the major purport of the New Jersey Fund law is to provide a remedy for victims of unknown or financially irresponsible motorists. To assume that the New York motorist in a comparable fact situation would be financially responsible is to avoid the real issue.
*229 It is true that the court in Betz spoke in terms of legislative similarity "on the same operative facts." 27 N.J., at p. 330. But whether the tortfeasor is driving lawfully or not is no more an operative element than the manufacturer of his automobile. The crucial factor is whether the sister jurisdiction would afford recourse to a New Jersey resident injured under similar factual circumstances. Since the pertinent circumstances here are an injury by a financially irresponsible, uninsured motorist, the question is whether a New Jersey resident would have any recourse under the New York statute for injury in that state by an uninsured and financially irresponsible motorist. It is clear that he would not.
Plaintiff's final assertion is that comparison of the New York and New Jersey laws must be made as of the date of application to the Unsatisfied Claim and Judgment Fund under N.J.S.A. 39:6-69, and if the applicant is "qualified" as of such date, recovery from the Fund is permitted. Such a construction would benefit plaintiff because of the New York legislature's amendment to the Motor Vehicle Financial Responsibility Act, on April 15, 1958, by enactment of the Motor Vehicle Accident Indemnification Corporation Law, L. 1958, c. 759, 27 McKinney's Consol. Laws, "Insurance Law," c. 28, § 600 et seq. The amendment creates an Unsatisfied Claim and Judgment Fund similar to ours, and has been deemed by our Attorney General to afford "recourse * * * of a substantially similar character" within the intendment of N.J.S.A. 39:6-62. See Formad Opinions 1959, No. 1.
Although the Supreme Court in Betz rebuffed the argument that the New York amendment  specifically providing that it shall become effective on January 1, 1959  operated retroactively, plaintiff draws our attention to the fact that in Betz both the accident and application for payment occurred prior to the effective date, whereas here application was made on April 1, 1960. She argues that our statute is "remedial" and therefore procedural rather *230 than substantive in nature, and she invokes the principle that matters of remedy are applied on the basis of the state of the law when the remedy is invoked  here when application for payment by the Fund was made. We do not agree with the premise. Our statute created a new substantive right where none existed before. We are bound by the decision, in effect, in the Betz case, that a New Yorker can qualify for the New Jersey benefits only when the accident occurs after the effective date of the New York act.
We take note of plaintiff's emphasis on the fact that the "qualified person" definition, N.J.S.A. 39:6-62, is phrased in the present tense, but we do not consider that persuasive. The significant inquiry is whether New York, under its concededly comparable law, would afford recourse to a New Jersey resident injured prior to its effective date but filing application subsequent thereto. The answer is clearly negative, the amendment reciting (27 McKinney's Consol. Laws, supra, c. 28, § 626):
"Application of article. The article shall apply only to motor vehicle accidents occurring on or after January first, nineteen hundred fifty-nine."
Having been injured previous to January 1, 1959, plaintiff cannot qualify for relief from the New Jersey Fund. Justifiable sympathy for the remediless victim of another's recklessness must here yield to the clearly stated policy.
Affirmed.