James MELVIN, Jr.

v.

Shirley T. REMBERT
and
Holmes Morgan.

Civ. A. No. 13514.

United States District Court
D. Maryland.

Oct. 13, 1966.

———◇———

Louis H. Fried, Sheldon H. Braiterman, and Marvin Braiterman, Baltimore, Md., for plaintiff.

Martin Z. Vogelhut, Baltimore, Md., for defendants.

Thomas B. Finan, Atty. Gen. of Maryland, R. Randolph Victor, Asst. Atty. Gen., and Martin Z. Vogelhut, Baltimore, Md., for Commissioner of Motor Vehicles.

NORTHROP, District Judge.

Plaintiff moves to add the Maryland Commissioner of Motor Vehicles as a defendant in this case. The Commissioner opposes.

Plaintiff alleges that on August 20, 1961, he was a guest passenger in an automobile owned by defendant Rembert and operated by defendant Morgan. The vehicle ran off of a road, allegedly due to Morgan's negligence, and struck a culvert. Plaintiff claims damages of $40,000.

The jurisdiction of this court is based on diversity of citizenship. Plaintiff is domiciliary of the state of Maryland. Both defendants are domiciliaries of the District of Columbia.

Although plaintiff has not been able to serve the above-named defendants, service has been made on the Maryland Secretary of State. As the vehicle, in which the plaintiff was riding and was injured, was allegedly ·uninsured, the

plaintiff now seeks to add the Commissioner as a defendant.

Three issues were presented to this court for decision in relation to this motion. They are whether the provisions of § 167A of Article 66½ of the Maryland Code, added in 1964, apply retroactively, i. e., to accidents giving rise to claims occurring prior to June 1, 1964, its effective date; whether it matters that the uninsured defendants herein were residents of the District of Columbia and not of the state of Maryland; and whether the statute of limitations has any application to the case at bar.

Since the motion can be disposed of on the first question, it is unnecessary to consider the second and third questions.

The pertinent part of § 167A of Article 66½ of the Maryland Annotated Code reads as follows:

"Any qualified person, who, *after June 1, 1964,* suffers damages resulting from bodily injury * * * caused by an operator or owner whose whereabouts cannot be ascertained, and who has instituted a cause of action against the operator or owner * * * [may apply] for an order permitting him to bring an action therefor against the Commissioner * * *." [emphasis supplied]

■ The quoted section means that anyone who suffers damage after June 1, 1964, may apply "for an order permitting him to bring an action therefor against the Commissioner" rather than that anyone who ever suffered damage may apply after June 1, 1964. Not only does this seem to be the plain meaning of the statute, but it also appears to be the legislature's intent. Section 167A as presented to the House of Delegates in 1963, House of Delegates Bill #78, 1963 Session, § 1 [Plaintiff's Exhibit # 2], reads as follows:

"Any qualified person, who suffers damages resulting from bodily injury or death after the *first day of June 1959,* but the whereabouts of the operator or owner thereof cannot be as-

certained, and who has instituted a cause of action against the operator or owner * * * may, upon notice to the Commissioner and the Board, apply to a court of competent jurisdiction for an order permitting him to bring an action therefor against the Commissioner * * *." [emphasis supplied]

This bill failed to pass in 1963. When it was enacted in 1964, the effective date was changed from June 1, 1959 to *June 1, 1964.* If this bill's benefit was intended to be retroactive, granting a right where none had existed, this purpose most likely would have been clearly set forth. Indeed, the change in date articulated it clearly to the contrary.

In Rudnick v. Bentler, 66 N.J.Super. 224, 168 A.2d 813 (N.J.Super.Ct.App. Div.1961), a New Jersey court, interpreting its own Unsatisfied Claim and Judgment Fund Statute, held that the statute created a new substantive right and thus refused to apply it retroactively.

In State Farm Mutual Automobile Insurance Co. v. Hearn, Adm'x, et al., 242 Md. 575, 219 A.2d 820 (1966), the Court of Appeals said that all statutes were presumed to operate prospectively. This presumption is to be rebutted only if there is a clear expression to the contrary. In Dashiell v. Holland Maide Candy Shops, 171 Md. 72, at 74, 188 A. 29, at 30 (1936), the Court of Appeals said that this rule should be applied "when such a construction would alter the pre-existing situation of parties, or would affect or interfere with their antecedent rights."

Section 167A gives the parties a new substantive right. To hold this statute retroactive would not only affect the parties' antecedent rights but would fly in the face of the legislature's intent.

In Tyler et al. v. Runkles, Law #3617, Cir.Ct. Frederick County, Md., May 16, 1966, the court held that § 162 of Art. 66½ as amended in 1964 to increase the maximum payable by the Unsatisfied Claim and Judgment Fund from $10,000 to $15,000 was not retroactive because a

new substantive right was created for the additional $5,000. Certainly, if an increase in the amount that the Fund can be sued for is not retroactive, the right to sue the Fund at all is not to be construed as retroactive.

The plaintiff relies upon Thomas v. Your South Jersey Auto Rentals, Law #53488, Cir.Ct. Baltimore County, Md., Jan. 25, 1965, which held that § 167A was to be applied retroactively as the statute was procedural.

The appeal taken in *Thomas* was dismissed by agreement as moot because the uninsured turned up and was served. The Court of Appeals of Maryland has not construed § 167A. No other Circuit Court has construed § 167A of Article 66½.

We most respectfully disagree with the learned judge of the Circuit Court for Baltimore County. Section 167A does more than just change the procedure. It gives a substantive right.

This court need not follow a decision of the Circuit Court of Baltimore County which construes a state law if it thinks that court to be in error. In King v. Order of United Commercial Travelers, 333 U.S. 153, 68 S.Ct. 488, 92 L.Ed. 608 (1948), the Supreme Court held unanimously that a federal court was not bound by an unreported decision of a state trial court of limited territorial jurisdiction when other trial courts of the state would not be so bound. *Thomas, supra,* is an unreported decision which no other Circuit Court of Maryland would be obliged to follow. Therefore, being in disagreement with the construction of § 167A of Article 66½ of the Maryland Code Annotated by the Circuit Court of Baltimore County, this court respectfully declines to follow *Thomas, supra.*

Plaintiff's motion to add the Maryland Commissioner of Motor Vehicles as a defendant in this case having been heard by this court on the thirtieth day of September, 1966, it is this thirteenth day of October, 1966,

Ordered that the motion to add the Maryland Commissioner of Motor Vehicles as a defendant in this case be, and the same hereby is, denied.