103 N.J. Super. 257 (1968)
247 A.2d 48
BERNARD KICZALES, PLAINTIFF,
v.
JUNE STRELECKI, DIRECTOR OF THE DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 11, 1968.
*258 Mr. Mahlon L. Fast argued the cause for plaintiff (Messrs. Fast & Fast, attorneys).
Mr. James S. Cramer argued the cause for defendant (Mesrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
SEIDMAN, J.C.C. (temporarily assigned).
Plaintiff, a resident of New York, moves for a pretrial determination that he is qualified to bring an action against the Director of the Division of Motor Vehicles for damages allegedly *259 resulting from a "hit-and-run" incident which occurred in this State. The issue to be resolved is whether, on the facts here present, New York affords to residents of this State recourse of substantially similar character to that provided by our Unsatisfied Claim and Judgment Fund Act.
It is plaintiff's contention that on February 8, 1965, as he was operating his automobile along Route 9 in Woodbridge, an unknown and unidentified vehicle cut him off, causing his car to leave the highway and resulting in bodily injury to him. Concededly, there was no contact between the vehicles. Thereafter, he filed suit against June Strelecki, the Director of the Division of Motor Vehicles, claiming, inter alia, that he was a qualified person as defined in N.J.S.A. 39:6-62 and thus competent to avail himself of the "hit-and-run" section of the Fund Law, N.J.S.A. 39:6-78. The Director asserts that plaintiff is not qualified because New York does not give New Jersey residents relief on similar facts.
N.J.S.A. 39:6-62 defines a "qualified person" as "a resident of this State or the owner of a motor vehicle registered in this State or a resident of another State, territory, or Federal district of the United States or Province of the Dominion of Canada, or foreign country, in which recourse is afforded, to residents of this State, of substantially similar character to that provided for by this act." By enactment of the Motor Vehicle Accident Indemnification Corporation Law, L. 1958, c. 759; 27 McKinney's Consol. Laws, "Insurance Law", c. 28, § 600 et seq., New York created an unsatisfied claim & judgment fund (MVAIC) comparable to ours. The definition of a nonresident qualified to prosecute a claim against the MVAIC, contained in § 601 (b) (2), is virtually identical with the language of N.J.S.A. 39:6-62, and includes the prerequisite that New York residents be afforded, in the state of the nonresident claimant, recourse "of substantially similar character to that provided for by this article." See Feliciano v. Oglesby, 102 N.J. Super. 378 (Law Div., 1968).
*260 The controversy arises because, under our statute, a hit-and-run case does not require physical contact by the unidentified vehicle; whereas there must be such contact under the comparable section of the New York law. The Director argues that since a New Jersey resident, in such situation, would not be granted relief in New York, the essential element of reciprocity is lacking, and the claimant is thus precluded from maintaining his action against the Director. No reported case in this State appears to have resolved the precise issue now before the court. What must be determined is whether, to constitute reciprocity, both statutes need merely be broadly comparable in scope and intent; or whether, on the same facts, the foreign state must afford a New Jersey resident the same relief which is sought here.
Both the New Jersey and the New York statutes contain "hit-and-run" provisions. The significant difference between the two is the element of physical contact. Subject to compliance with certain requirements not applicable here, N.J.S.A. 39:6-78 authorizes a qualified person to bring an action for death or personal injury against the Director "when the death of, or personal injury to, any person arises out of the ownership, maintenance or use of a motor vehicle in this State * * * but the identity of the motor vehicle and of the operator and owner thereof cannot be ascertained * * *." There need not be physical contact. See, for example, Lieberman v. Saley, 94 N.J. Super. 156 (App. Div. 1967). Section 617 of the New York statute specifies that the "protection provided by this article shall not apply to any cause of action by an insured or qualified person arising out of a motor vehicle accident occurring in this state lying against a person or persons whose identity is unascertainable, unless the bodily injury to the insured or qualified person arose out of the physical contact of the motor vehicle causing such bodily injury with the insured or qualified person or with a motor vehicle which the insured or qualified person was occupying at the time of the accident." (Emphasis supplied). Although the impact need not be directly to the claimant's vehicle or *261 person, there must be an initial physical contact, as, for example, where an unidentified vehicle strikes another automobile, propelling it into the claimant's vehicle or person. See Motor Vehicle Acc. Indemn. Corp. v. Eisenberg, 18 N.Y.2d 1, 271 N.Y.S.2d 641, 218 N.E.2d 524 (Ct. App. 1966).
Clearly, had the accident in question occurred in New York, it would not have come within the protection of the MVAIC law.
In considering the problem of reciprocity the basic test to be applied is whether the foreign state offers our residents substantially similar recourse. Substantial similarity requires more than similarity of purpose, although this is essential to establish general reciprocity. There must also be substantial similarity of relief. For a comprehensive discussion of this subject, see Ward, "The Uninsured Motorist: National and International Protection Presently Available and Comparative Problems in Substantial Similarity," 9 Buffalo L. Rev. 283, 306.
Obviously, if a foreign state has no statute which approximates the coverage and protection of our Fund law, the element of similarity of purpose is lacking, there is a complete absence of reciprocity, and no resident of the foreign state is qualified to avail himself of our Fund law. Prior to January 1, 1959 New York had no law which met this standard of substantial similarity of purpose, inasmuch as no remedy was afforded a qualified person who sustained personal injury or death at the hands of a financially irresponsible or unknown motorist. Betz v. Director, Div. of Motor Vehicles, 27 N.J. 324 (1958); Rudnick v. Bentler, 66 N.J. Super. 224 (App. Div. 1961).
When the New York Motor Vehicle Accident Indemnification Corporation Law was enacted, effective January 1, 1959, the Attorney General of this State concluded that the New York law now afforded recourse of substantially similar character to that provided in New Jersey and that reciprocity existed on a general level. F.O. 1959, No. 1.
*262 Although the absence of general reciprocity precludes claims by any resident of a foreign jurisdiction lacking comparable legislation, it does not follow that the existence of general reciprocity thereby qualifies as claimants all residents of the foreign state which has the equivalent of our Fund. Specific reciprocity is also required. The two laws must be compared to determine whether there is similarity of relief. It should be noted that the New Jersey and the New York statutes both refer to "recourse" of substantially similar character in their respective definitions of a qualified nonresident; and "recourse," in this context, means relief or protection.
Although Betz, supra, 27 N.J., at p. 330, notes that the foreign legislation need not be completely identical with ours, and that reciprocity does not require that the foreign law exactly parallel that of New Jersey, the need for specific reciprocity is indicated, at least with respect to relief:
"The present case, involving a `hit-and-run' accident, is a striking example of this difference. Scott H. Elder in his analysis of the New Jersey Fund law's reciprocal provision (N.J.S.A. 39:6-62) in Current Trends in State Legislation, 1953-1954, pp. 45 to 197 (1954), states at page 85: `* * * the test of reciprocity most often applied in specific cases is whether the state from which the nonresident comes would extend an equal benefit to a nonresident upon the same facts.' It is apparent that on the facts of this case, the law of New York would not extend a benefit to a New Jersey resident similar to that available under the law of New Jersey."
In Rudnick, supra, the court said that "The crucial factor is whether the sister jurisdiction would afford recourse to a New Jersey resident injured under similar factual circumstances". Ward, op. cit., at pp. 314-315, points out that a New Yorker, hit in New Jersey by an uninsured motorist with a resulting property damage claim, would probably not be permitted to recover from the Fund, since the New York system does not cover property damage.
New York applies the principle of specific reciprocity in determining whether a nonresident claimant is qualified. In *263 the case of Farina v. Motor Vehicle Accident Indem. Corp., 34 Misc.2d 34, 228 N.Y.S.2d 20 (Sup. Ct. 1962), three petitioners, all residents of New Jersey, moved for leave to bring suit against the MVAIC as the result of a hit-and-run accident. One of the petitioners was the operator of an uninsured motor vehicle owned by his mother. The others, his sister and a friend, were passengers. The issue was whether the petitioners were qualified persons. It was conceded that the operator was not qualified, because his vehicle was uninsured. The court, looking to the laws of New Jersey to determine whether a resident of New York involved in a similar factual situation in New Jersey could secure the same relief in that state, ruled that the friend could maintain the suit, but the other passenger could not:
"The real test of reciprocity, as applied by the courts of New Jersey, and which equally should be applied by our courts, `is whether the state from which the nonresident comes would extend an equal benefit to a nonresident upon the same facts'. * * * In conjunction with this criterion, therefore, section 39:6-78 of the New Jersey Statutes Annotated, which pertain to `hit-and-run' cases, is particularly pertinent. It reads, in part: `no judgment against the director shall be entered in such an action unless the court is satisfied, upon the hearing of that action, that ____ * * * (c) The claimant was not at the time of the accident operating or riding in an uninsured motor vehicle owned by him or his spouse, parent or child. In the instant case, petitioner Gertrude Farina is the owner of the vehicle and petitioner Theodora Farina, although only a passenger in the automobile, is the daughter of the owner of said vehicle. The New Jersey statute specifically bars recovery by a passenger who is the owner of or one whose parent owns the vehicle. Accordingly, under a similar set of facts, New York residents such as Gertrude Farina and Theodora Farina could not maintain suit against the Director of the New Jersey Fund. It follows that, as to such situation, the law of New Jersey would not provide an equal benefit to a New York resident and, therefore, such law is not of a substantially similar character. Neither Gertrude Farina nor Theodora Farina is a `qualified person' within the meaning of the applicable statute (Insurance Law, § 601, subd. b), and neither may maintain suit.
On the other hand, the laws of New Jersey  like the laws of New York  do not prevent a nonresident passenger, who is unrelated to the owner of a vehicle involved in a hit-and-run accident, from recovery against the Fund. As to such person an equal benefit is afforded by both states, the statutes are substantially similar, and, *264 therefore, passenger petitioner Eva Bruno is a `qualified person' for the purpose of bringing an action here."
See also White v. Motor Vehicle Accident Indem. Corp., 39 Misc.2d 678, 241 N.Y.S.2d 566 (Sup. Ct. 1963); Martin v. Motor Vehicle Accident Indem. Corp., 50 Misc.2d 974, 272 N.Y.S.2d 3 (Sup. Ct. 1966).
Plaintiff cites the case of Feliciano v. Oglesby, supra, recently decided by this court, presumably in support of his contention that he is a qualified claimant. It is readily distinguishable. A hit-and-run situation was not involved. The question raised there was whether the inclusion of uninsured motorist coverage in a nonresident claimant's automobile insurance policy would preclude recourse under the New York MVAIC, thus denying a New York claimant who had such coverage relief under our Fund law because of lack of reciprocity. This court held that since each state provided the nonresident comparable relief, reciprocity existed. On the facts there present, a New Jersey resident involved in an accident in New York with an uninsured vehicle would not be treated differently from a New York resident similarly involved. However, the court concluded in Feliciano that the nonresident judgment creditor coud not seek payment from the Fund because the applicable uninsured motorist provisions entitled the insurer to the proceeds of any settlement or judgment resulting from the exercise by the insured of a right of recovery against the tortfeasor. The claimant was acting for and as the alter ego of the insurer, and the Fund was not designed to benefit that class.
In the present case, plaintiffs' automobile insurance policy contained the standard New York uninsured motorist coverage provisions, including protection against hit-and-run automobiles. In language similar to that in the MVAIC law, a hit-and-run automobile is defined as one causing bodily injury arising out of physical contact. Consequently, the plaintiff in this case cannot look to his policy for relief. No issue of reimbursement or subrogation arises.
*265 This case turns solely on lack of reciprocity. It is clear that a New Jersey resident, involved in a no-contact hit-and-run case in New York, could not submit a claim to the MVAIC. Since the plaintiff resides in a state which does not afford our residents, on similar facts, recourse of substantially similar character to that provided by our Fund law, he is not a qualified person and cannot bring an action against the Director under N.J.S.A. 39:6-78.