182 N.J. Super. 553 (1982)
442 A.2d 1039
HENRIETTA TULLIS AND RICHARD TULLIS, PLAINTIFFS-RESPONDENTS,
v.
WALTER TEIAL AND HUGO Y. RAMIREZ, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1982.
Decided January 27, 1982.
*554 Before Judges ALLCORN, FRANCIS and MORTON I. GREENBERG.
James J. Horan argued the cause for appellants (Minichino & Mautone, attorneys).
*555 Richard V. Wilde argued the cause for respondents (Romano, Hehl, Romankow & Wilde, attorneys; Theodore J. Romankow on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, J.A.D.
This matter comes on appeal to this court as a result of a construction of the New Jersey Automobile Reparation Reform Act (No Fault Act), N.J.S.A. 39:6A-1 et seq., by a judge of the Superior Court, Law Division. We deal with a question concerning the interplay between N.J.S.A. 39:6A-4 and N.J.S.A. 39:6A-12. Specifically, our problem is whether evidence of medical bills incurred by a person injured in an automobile accident for which personal injury protection benefits (PIP) may be collectible may, as a matter of law, be introduced in a damage action against another party brought by the injured person if payment of the bills is refused under PIP coverage on the ground that the medical procedures for which the bills were rendered were for conditions unrelated to the accident.
The procedural and factual history of this action is not complicated. Plaintiff Henrietta Tullis was operating an automobile in Newark on December 20, 1977. At that time there was a collision between her automobile and an automobile driven by defendant Teial and owned by defendant Ramirez. There is no doubt that Henrietta Tullis suffered some injury in the accident. As a result plaintiff Henrietta Tullis brought an action against defendants for personal injuries. Richard Tullis, her husband, joined per quod. Additionally, she submitted bills under her no fault coverage to her insurance company for treatments and tests which she alleged were for injuries suffered in the accident. The carrier refused to pay certain bills for examination, tests and treatment of her neck. Its refusal was predicated on a medical opinion that the neck injury was not related to the accident. Plaintiff did not bring an action directly against her company to recover on her own policy for these expenses.
*556 In the personal injury action defendants duly answered through counsel retained by their insurance carrier. By coincidence it happened that the carrier was the same company which was plaintiff's no fault carrier and thus was responsible for her PIP benefits. A jury trial was held on both liability and damages.[1] Evidence at the trial showed that Henrietta Tullis was taken to Beth Israel Hospital on the day of the accident. She was discharged that day but then remained bedridden at home for two weeks. She suffered pain in her neck which was treated with prescription muscle relaxers and warm compresses. Her voice changed and became hoarse. For several months she suffered from headaches and pain and muscle spasms in the neck. In February or March 1979 a lump-type swelling in the right side of her neck became enlarged. A surgeon who examined her was concerned about a palpable mass on her neck and chronic inflammation of her throat. The surgeon preliminarily thought that the symptoms were related to the accident but he was also suspicious of the possibility of cancer. He prescribed antibiotics to clear up the inflammation but they did not work. The surgeon sent her to the hospital to see if she had cancer. Ultimately, when a biopsy proved negative, the surgeon concluded that her neck problems were related to the accident.
Plaintiffs, over defendants' objection, were permitted to prove as elements of damage medical expenses not compensated for by PIP coverage. Defendants' objection was premised on the theory that the bills were for benefits recoverable on plaintiffs' own PIP policy required by N.J.S.A. 39:6A-4. Under N.J.S.A. 39:6A-12 evidence of amounts collectible or paid pursuant to N.J.S.A. 39:6A-4 are inadmissible in a civil action for recovery for bodily injury. The trial court overruled the objection. In her charge to the jury the judge told it that a plaintiff awarded a verdict "is entitled to damages for his or her expenses, for medical services, hospital services, medicines and medical supplies *557 which are reasonably required for the examination, treatment and care of the injuries sustained by him as a proximate result of the defendants' negligence." The judge generally described the testimony and said that the jury did not have to award the full amount of a bill that it found was not fair or reasonable or of a bill for services that were not necessary to any extent. The judge indicated that the verdict could include up to $5,279.85 for medical expenses for bills she listed. The jury then returned a verdict for damages against defendants for $125,000 for Henrietta Tullis and $25,000 for Richard Tullis.
Defendants moved for a new trial on the grounds that the verdict was against the weight of the evidence, the damages were excessive and the trial judge erred in admitting evidence of plaintiff's medical expenses. The trial judge denied the motion. In her written opinion she cited Rybeck v. Rybeck, 141 N.J. Super. 481, 508 (Law Div. 1976), app. dism. 150 N.J. Super. 151 (App.Div. 1977), for the proposition that N.J.S.A. 39:6A-12 is intended to bar double recovery for medical benefits. Here there could be no double recovery for expenses not compensated for by the no fault coverage. She also thought it inequitable that the same insurance carrier which rejected the PIP claim for medical expense benefits then urged in the civil damage action that plaintiff could not recover for her medical expenses. Defendants subsequently appealed from the judgment entered on the verdict and the order denying a new trial.
The result reached in the Law Division was wrong. N.J.S.A. 39:6A-4(a) requires that a policy issued pursuant to the No Fault Act provide for "payment of all reasonable medical expenses incurred as a result of personal injury sustained in an automobile accident." The term "medical expenses" is broadly defined to include, among other items, expenses for medical treatment, surgical treatment, medication and hospital services. Plaintiff makes no suggestion here that the disputed expenses were not of the character of medical expenses as defined in the No Fault Act. Compensation for medical expenses can be *558 recovered from a defendant in a damage action only if related to the injury for which damages are sought. See Theobold v. Angelos, 40 N.J. 295, 304 (1963). But such expenses would be incurred "as a result of personal injury sustained in an automobile accident" and would be recoverable under the No Fault Act. Thus, necessarily, if the medical expenses as a matter of evidence in the absence of the No Fault Act would be admissible in a damage action, they would qualify for payment under N.J.S.A. 39:6A-4.
N.J.S.A. 39:6A-12 bars admission of evidence of amounts "collectible or paid" pursuant to PIP coverage under N.J.S.A. 39:6A-4 and N.J.S.A. 39:6A-10. It is manifest that the money need not be paid for proof of the bill to be barred. This is so because the words "collectible or paid" are written in the disjunctive. The Legislature must have contemplated that in some instances a carrier would not make a payment of a claim legally due. This could be because the injured person simply did not make a timely request for payment or because the carrier refused a proper demand. But regardless of who was responsible for the failure of the carrier to pay the amount would have been collectible as a matter of law. It would simply not be collected. Therefore the trial judge should not have admitted the bills into evidence.
The result reached by the trial judge could lead to a substantial erosion of the benefits of the No Fault Act. As we noted in Pennsylvania Manufacturer's Ass'n v. Government Employees Ins. Co., 136 N.J. Super. 491, 499 (App.Div. 1975), aff'd o.b. 72 N.J. 348 (1977): "The major concern of the PIP provision of the no fault legislation was to provide an efficient and inexpensive method by which persons injured in automobile accidents would be reimbursed for out-of-pocket expenses." This is done, of course, by allowing recovery of PIP benefits from an insurance carrier without regard to negligence by certain persons in accidents arising out of ownership, operation, maintenance or use of an automobile. N.J.S.A. 39:6A-4. Yet in many automobile accidents an injured party depending upon his assessment of a *559 likely verdict on liability might prefer to waive his PIP benefits and instead seek in a negligence action to prove these losses. In cases of high expenses a plaintiff's attorney could well conclude that proof of medical expenses might enhance the recovery for pain and suffering and disability and impairment. We think that in some cases an insurance carrier would be willing to accommodate an insured who, though making a claim for PIP benefits, in reality preferred to pursue the losses in a damage action. By doing this the carrier would save itself money, at least on the particular claim. While it is certain that no such motivation inspired the carrier's refusal to pay the PIP benefits here since it insured defendants for liability, we will not create a separate or special rule for cases in which the carrier for plaintiff and defendant are by coincidence the same company. N.J.S.A. 39:6A-12 cannot be read to be dependent on the identity of the insurance carriers for parties to an accident. There is simply nothing in the section to support such a reading. The Legislature contemplated that the medical expenses be recovered as PIP benefits regardless of the identity of the responsible carrier.
The result we reach is supported by the reasoning of this court in Smelkinson v. Ethel & Mac Corp., 178 N.J. Super. 465 (App.Div. 1981) and to a lesser extent in Wagner v. Transamerica Ins. Co., 167 N.J. Super. 25 (App.Div.), certif. den. 81 N.J. 60 (1979). Indeed Smelkinson concerns a situation in which the same carrier was responsible for both defense of a liability claim and satisfaction of the no fault payments. There a pedestrian was struck by an automobile. The pedestrian was thus entitled to assert two separate claims: (1) a no fault claim against Gateway, the carrier insuring the automobile which struck him; (2) a damage claim against Herbert Ward, the owner and operator of the automobile. Initially, she only instituted the damage action. Subsequently, she moved to amend her complaint to assert a claim for PIP benefits against the owner and operator of the automobile. This motion was denied by the trial *560 judge. On appeal this court reversed and allowed the claim for PIP benefits to be asserted against Gateway. We stated:
Thus, the proper prosecution of plaintiff's rights would have been by way of a PIP claim directly against Gateway and a negligence action against Ward limited to claim for recovery of those elements of personal injury damages not encompassed by available PIP benefits. [178 N.J. Super. at 469]
Smelkinson is instructive to us. It is obvious that the court did not conceive that the injured pedestrian could elect to pursue the PIP benefits in the damage trial simply because she had not recovered them from the carrier. Plaintiff's remedies were mutually exclusive. The fact that only one carrier was involved made no difference. The similarity to our case is apparent. Plaintiff Henrietta Tullis had to pursue her claim for PIP benefits directly against her carrier and not in the third-party action.
In Wagner the facts germane to our case were that an employee injured in an accident arising out of and in the course of his employment brought both a workers' compensation claim and a suit for personal injury protection benefits. In the workers' compensation case, which was tried first, the employee intentionally withheld a claim for chiropractic treatments allegedly needed to treat injuries resulting from the accident. Subsequently, his action for PIP benefits was tried. Plaintiff was confronted with an argument that he could not recover the PIP benefits because the claim for chiropractic treatments was "collectible under workers' compensation insurance," as provided in N.J.S.A. 39:6A-6. We agreed that this defense was valid and held that he could not recover for the chiropractic treatments under the PIP benefits because, at least in cases in which the workers' compensation claim is tried before the action for PIP benefits is filed, the claim should be deemed "collectible" from compensation insurance. Thus, collectibility of the claim was judged from a legal view rather than from what actually happened. In our case the carrier may have wrongfully withheld payment of the medical expenses. If so, plaintiff Henrietta Tullis could have recovered for her medical expenses in an action *561 against it. If not, evidence of the expenses would not have been relevant in the damage trial and thus should not have been admitted.[2]
The trial judge in part based her decision on language from Rybeck v. Rybeck, supra, 141 N.J. Super. at 508 that a purpose of N.J.S.A. 39:6A-12 is that "PIP benefits should not be recoverable again in a civil action." Undoubtedly this statement is correct. But it does not follow from the fact that the Legislature barred double recovery that it did not also designate the source from which recovery was to be made.
Plaintiffs contend that admission of evidence of the medical bills, if error, was harmless. It is suggested that the court deduct the amount of the bills from the verdict in favor of Henrietta Tullis or bar her from a separate action to recover medical expenses on her own policy. We reject both alternatives. We cannot say in this action in which a general verdict for damages was returned that improper admission of the evidence had no impact on the quantum of the damage verdict. Thus, a retrial on damages is required. See Acken v. Campbell, 67 N.J. 585, 589 (1975),[3] and Moraca v. Ford Motor Co., 66 N.J. 454, 461 (1975). For similar reasons, the damage verdict in favor of Richard Tullis must be set aside. The matter is remanded to the Superior Court, Law Division, Union County, *562 for a new trial as to both plaintiffs on damages. We do not retain jurisdiction.[4]
NOTES
[1] We do not recite the facts concerning the happening of the accident as our opinion will not disturb the liability verdict.
[2] We recognize that there could be inconsistent results in an action for PIP benefits and in a subsequent damage trial. Thus, theoretically in a PIP action, it could be determined that the expenses were not incurred as a result of the accident or were in whole or in part not reasonable. In a subsequent damage trial the trier of the facts, if given the opportunity, might disagree. But such a result would not be possible as a matter of law, for we have no doubt that even in the absence of privity between the defendants in the two actions the plaintiff would be bound by the adverse result in the first case. See Continental Can Co. v. Hudson Foam Latex Products, Inc., 129 N.J. Super. 426 (App. Div. 1974). Thus, regardless of the outcome of the trial for PIP benefits, the evidence of medical expenses would be barred by N.J.S.A. 39:6A-12.
[3] A motion for reconsideration of this case was granted (68 N.J. 176 (1975)) but the case is not further reported.
[4] The case was tried on all issues but there were separate charges on liability and damages. Before the damage charge the jury found in favor of plaintiffs on liability. That verdict will stand. The admission of the medical expenses could not have contributed to that verdict.