KATHERINE A. SCOLARO, PLAINTIFF, v. SAMUEL F. MARLATT
AND WELSH FARMS, INC., DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided December 28, 1983.

*Donald A. Caminiti*, for plaintiff (*Breslin & Breslin*, attorneys).

*Diana T. De Cesare-Treitler,* for defendant (*Martino & Mosolino,* attorneys).

MINUSKIN, J.S.C.

Plaintiff moves after the statute of limitations has run to amend her complaint to include her husband's claim for loss of consortium. Relief is sought pursuant to *R.* 4:9–3.[1] Although the motion is made by plaintiff, the court will consider it as an application by her husband to assert a cause of action to be joined with her complaint.

Plaintiff, who sustained injuries in an automobile accident on August 31, 1981, filed suit on September 22, 1982. Her husband failed to join as a party plaintiff on his *per quod* cause of action. Prior to this motion and before the statute of limitations had run defendant requested and received answers to interrogatories respecting the "loss of society, services and consortium."[2] The issue raised is whether *R.* 4:9–3 is applica-

---

[1] *R.* 4:9–3—When Amendments Relate Back

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.... An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, without the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

[2] March 2, 1983 Answers to Interrogatories

State in detail all facts forming the basis of the allegations of loss of society, services and consortium.

If said allegation of loss of society, services and consortium involve a monetary loss of out-of-pocket expenses or payments set forth: (a) The actual amounts of such loss of money expended; (b) The exact dates when said loss or expending of money occurred; (c) The names and addresses of all persons, partnerships or corporations involved in said loss or expending of money.

ble so as to permit the amendment despite the expiration of the statute of limitations.

After the running of the statute of limitations, *R.* 4:9-3 permits the joinder of additional parties defendant when there is an absence of substantial prejudice. In its determination the court must consider the following:

First, the amendment must meet the general criterion of the rule vis-a-vis the transactional relationship between the originally pleaded claim and the claim sought to be raised against the new party. Second, the new party must have had, prior to the running of the statute of limitations, such notice of the institution of the action as to enable him, without substantial prejudice, to defend it on the merits when belatedly joined. Third, the new party must have known or should have known that, but for plaintiff's error in identifying the proper party, the action would have been brought against him. [*Smelkinson v. Ethel & Mac Corp.*, 178 *N.J.Super.* 465, 471 (App.Div.1981)]

---

Loss of Consortium—Socially, most of our close friends have either been totally lost or contact with them has been greatly reduced. I guess this is mainly due to our inability to commit ourselves to any invitations pending Kathy's physical state on the date of the invite. Even today, I tell friends who ask us to go out with them "no" because that is considerably easier than calling them back and telling them we cannot make it. I am hoping that when Kathy starts feeling well enough, we will start getting called again. As far as doing things together, forget it. Golf is out, swimming is out because the sun and/or cold water bothers her—just about any and every physical activity is out. Bowling, skating, fishing with the kids is out. Of course, the fact that Kathy's business (her beauty parlor) has been reduced and restricted in growth financially has prevented us from doing many of the things we would do that are not physical, i.e. going out to dinner, vacations, etc. Most of the household chores; laundry, cleaning, cooking etc., were done at no financial expense to me thanks to some wonderful friends and relatives. But when funds permit I hope to reimburse those who did so much immediately following the accident. As for now, I help Kathy with most of the heavier chores and do things with our children that she would usually do. Sexually all activity was lost for at least the first two months following the accident. Since then all sex had declined by 80 percent. The quality, naturally, is less. Sex has always been important to me; and because Kathy realizes this, I believe her inability to perform normally has added pressure on her mind. Generally, Kathy has changed as a person since the accident. She constantly forgets things, is extremely moody, irritable, and unpredictable. After she works (which I wish she did not but is financially impossible), she is always tired and in pain.

However, the rule refers only to parties defendant—"the party against whom a claim is asserted"—and does not provide for amendments which seek to add party plaintiffs asserting an omitted claim. There is no authority to support the plaintiff's position. A case decided in the United States District Court which interpreted *Fed.R.Civ.P.* 15(c), after which *R.* 4:9–3 is patterned, did permit a party plaintiff to be added to assert a *per quod* claim for loss of consortium. However, that case is readily distinguishable because the relief that was requested was not opposed. *Hoch v. Venture Enterprises,* 473 *F.Supp.* 541, 542 (D.V.I.1979).

Additionally, the claim of plaintiff's spouse would be barred under *R.* 4:28–3(b),[3] which requires *per quod* claims to be joined in the main action. The court, however, may permit its later assertion if it finds "good cause" for the failure of initial joinder.

Plaintiff's complaint inadvertently omitted her husband's consortium claim. Despite this both plaintiff and defendants proceeded under the mistaken impression that it had been asserted as evidenced by the interrogatories demanded and the responses given. Had there been a claim to join an additional party defendant the relief would be granted since the criteria set forth in *Smelkinson v. Ethel & Mac Corp., supra,* are present. There is a transactional relationship between the main cause of action and the new claim. The husband's *per quod* action is derivative and arises out of plaintiff's complaint. Defendants had notice of husband's action prior to the expiration of the statute of limitations through the receipt of plaintiff's answers to interrogatories. Also, defendants knew or should have

---

[3]*R.* 4:28–3(b) provides:

All claims by spouses for physical injury and consortium losses resulting from the same course of negligent conduct of others shall be joined in a single action and shall be deemed to have been waived if not so joined unless the court, for good cause shown, otherwise orders.

known that but for plaintiff's error, the spouse's action would be asserted.

The court finds these circumstances to constitute "good cause" so as to permit the *per quod* claim to be belatedly raised. The court also finds that these circumstances would entitle plaintiff to relief under *R.* 4:9-3 were it not for its wording which applies only to party defendants.

Failure to relax strict adherence to the rules would result in a denial of the spouse's *per quod* claim and the right of the spouse to have his day in court. Since defendants have not been prejudiced, the injustice that would result to plaintiff warrants the remedy of application of *R.* 1:1-2.[4] Accordingly *R.* 1:1-2 is applied so as to relax the strict language of *R.* 4:9-3 in order to grant plaintiff's motion.

Motion granted.

---

[4]*R.* 1:1-2 provides in pertinent part:

Any rule may be relaxed or dispensed with by the court in which the action is pending if adherence to it would result in an injustice. In the absence of rule the court may proceed in any manner compatible with these purposes.