253 N.J. Super. 173 (1991)
601 A.2d 261
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, PLAINTIFF,
v.
GOLDEN GRIFFIN; DIRECTOR OF MOTOR VEHICLES UNSATISFIED CLAIM AND JUDGMENT FUND BOARD, AND THE COMMISSIONER OF INSURANCE, DEFENDANTS.
Superior Court of New Jersey, Law Division Passaic County.
Decided November 4, 1991.
*174 Janet Connery, attorney for plaintiff (Evans, Hand, Allabough & Amoresano, attorneys).
Warren A. Koshofer, attorney for defendants, Unsatisfied Claim and Judgment Fund Board and Commissioner of Insurance (Beattie Padovano, attorneys).
Roy H. Mossi, attorney for defendant, Golden Griffin, (Marcus & Levy, attorneys).
DWYER, J.S.C.
This case involves the novel question between New Jersey Manufacturers Ins. Co. ("NJM") and The Unsatisfied Claim and Judgment Fund ("UCJF") as to which should pay personal injury protection ("PIP") benefits to a claimant who suffered personal injuries when struck by a stolen automobile. Neither counsel nor the court have found any decision in New Jersey that answers the question. In the underlying action, PAS-L-2191-90, the owner of the stolen vehicle, defendant, Carmelo Morelo ("Morelo"), was granted summary judgment and the case was dismissed with prejudice as against him. The present parties to this action have submitted cross motions for summary judgment on their respective claims and counterclaims for *175 declaratory judgment declaring it is not required to pay the claimant's PIP benefits and that the other is required to so pay.
The basic facts in this and the underlying action are not in dispute. On October 29, 1988 Morelo parked his 1987 Mitsubishi Mirage at his work place parking lot at 448  10th Avenue, Paterson, New Jersey. At 12:00 Noon he went to go out for lunch, discovered his car missing, and reported this event to the Paterson Police Department. NJM was the insurer of this vehicle.
On October 30, 1988, this vehicle was involved in a hit-and-run accident in Paterson, New Jersey. The claimant, Golden Griffin ("Griffin"), was struck when the car backed up onto the sidewalk on which he was a pedestrian. Later that day the vehicle was recovered at 527 West 160th Street, New York, New York, while being operated by Brian Hannon ("Hannon") of Paterson, New Jersey. Morelo did not know Hannon prior to the latter's arrest.
NJM and UCJF agree that the provisions of N.J.S.A. 39:6A-4 are applicable in the present case. It is this section of the "New Jersey Automobile Reparation Reform Act," N.J.S.A. 39:6A-1 et seq. ("Reform Act"), which sets forth the categories of Griffin's entitlement to PIP coverage. NJM's policy issued to Morelo, dated May 30, 1988, provided for PIP coverage as required by said Reform Act.
In Darel v. Pennsylvania Manufacturers Ass'n Ins. Co., 114 N.J. 416, 419, 555 A.2d 570 (1989) (quoting Hopkins v. Liberty Mutual Ins. Co., 156 N.J. Super. 72, 75, 383 A.2d 458 (App.Div. 1978)) N.J.S.A. 39:6A-4 was interpreted to afford protection to three classes of persons:
(1) named insureds and members of their family are covered for bodily injury arising from an accident involving an automobile; (2) "other persons" are given protection for bodily injuries sustained "while occupying the automobile of the named insured or while using [it] with [the named insured's] permission"; and (3) "pedestrians" are covered for injuries caused by the automobile or when struck by an object propelled by it.
*176 Darel recognized the difference between pedestrians that were named insureds and family members, as opposed to "stranger" pedestrians. Id. 114 N.J. at 422-23, 555 A.2d 570. The status of the former was affected by the 1983 amendments to N.J.S.A. 39:6A-4, while that of the latter did not change. Furthermore, the 1983 amendments still provided protection to these three classes of persons. The only aspect that was affected by this amendment was the change in the eligibility requirement for named insureds and their families to injuries resulting from an accident "while occupying, entering into, alighting from or using an automobile." Thus, the legislature has had ample opportunity to revise the statute in a manner which would remove the protection afforded to pedestrians, yet has not done so.
It must also be noted that for "other persons," the second class of claimants who are injured "while occupying, entering into, alighting from or using the automobile ... the permission of the named insured" is needed. N.J.S.A. 39:6A-4. However, the legislature did not choose to include this qualifying language as the statute affects the third class, pedestrians. Injuries to pedestrians need only be "caused by the named insured's automobile ..." in order for the claimant to recover PIP benefits. N.J.S.A. 39:6A-4. This is the plain meaning of the statute, not subject to judicial interpretation.
In understanding these interpretations and a plain reading of N.J.S.A. 39:6A-4, Griffin, is entitled to receive PIP coverage from NJM. The New Jersey Supreme Court stated in Mortimer v. Board of Review, 99 N.J. 393, 398, 493 A.2d 1 (1985), that "[i]n determining the proper interpretation of a statute, the basic rule is that the statutory language should be given its ordinary meaning absent specific intent to the contrary." (citing Levin v. Township of Parsippany Troy Hills, 82 N.J. 174, 182, 411 A.2d 704 (1980); Abbotts Dairies v. Armstrong, 14 N.J. 319, 325, 102 A.2d 372 (1954)). Furthermore, in Sheeran v. Nationwide Mutual Ins. Co., Inc., 80 N.J. 548, 556, *177 404 A.2d 625 (1979) the court stated that if the language "`fairly brings a situation within a statute, it is unimportant that the particular application may not have been contemplated by the legislators.'" (quoting Sears Roebuck & Co. v. United States, 504 F.2d 1400, 1402 (C.C.P.A. 1974)); see, e.g., Barr v. United States, 324 U.S. 83, 90, 65 S.Ct. 522, 525, 89 L.Ed. 765, 771 (1945).
Since Griffin was a pedestrian when he was struck by the Morelo automobile he is entitled to receive PIP coverage from it. The status of the operator of the vehicle is not mentioned in N.J.S.A. 39:6A-4 which relates to pedestrians, and hence is irrelevant for purposes of this opinion. N.J.S.A. 39:6A-4 clearly provides coverage to pedestrians struck by "the named insured's automobile or struck by an object propelled by or from such an automobile."
Moreover, N.J.S.A. 39:6A-4 provides "for the payment of benefits without regard to negligence, liability or fault of any kind." Thus, the fact that Griffin was struck by a stolen vehicle is irrelevant. The automobile itself was covered by an automobile liability insurance policy, subject to the provisions of N.J.S.A. 39:6A-4.
Of additional importance is that the No-Fault Law "is social legislation designed to give the broadest protection to automobile accident victims consistent with the language of its pertinent provisions." Fisher v. New Jersey Automobile Full Ins. Underwriting Assoc., 224 N.J. Super. 552, 557, 540 A.2d 1344 (App.Div. 1988) (citing Amiano v. Ohio Cas. Ins., 85 N.J. 85, 90, 424 A.2d 1179 (1981); N.J.S.A. 39:6A-16). "In particular, N.J.S.A. 39:6A-4 requires prompt payment of ... claims ... without regard to fault and without having to await the outcome of protracted litigation." Id. Thus, Griffin as an accident victim classified in N.J.S.A. 39:6A-4, is entitled to prompt coverage of his claims.
In a case factually similar to the present matter, N.J.S.A. 39:6A-4 was interpreted to allow the claimant to seek PIP *178 benefits from the insurer of the tortfeasor. In Smelkinson v. Ethel & Mac Corp., 178 N.J. Super. 465, 429 A.2d 422 (App.Div. 1981), the plaintiff was sunbathing at a recreational facility when she was struck by an automobile owned and operated by defendant, Ward, and insured by Gateway Ins. Co. As a pedestrian, pursuant to N.J.S.A. 39:6A-4, plaintiff was "absolutely entitled to the recovery of PIP benefits ... from Gateway as the liability insurer of the vehicle which struck her." Id. at 469, 429 A.2d 422.
Although the decision in Smelkinson, supra, was based on the substitution of the right to recover from the tortfeasor, the principles are applicable herein. This court, as the court in Darel, is "not about to undermine the beneficent purposes of the legislation by recognizing any residue whatsoever of `fault' concepts." Darel supra, 114 N.J. at 425, 555 A.2d 570. The Reform Act itself provides that it "shall be liberally construed so as to effect the purpose thereof." N.J.S.A. 39:6A-16. The Reform Act is a "social necessity" and to be afforded "the broadest application consistent with the statutory language." Id.
NJM urges that based on N.J.S.A. 39:6-61 et seq. and its provisions for "Hit and Run" cases as provided for in N.J.S.A. 39:6-78, the UCJF should be liable for the PIP benefits. First, the present situation involved a complaint for declaratory judgment vis a vis the PIP benefits. N.J.S.A. 39:6-78 relates to recovery for tort damage, whereas N.J.S.A. 39:6A-4 relates to recovery for PIP coverage regardless of fault. Second, N.J.S.A. 39:6-78 refers to situations in which the identity of the driver of the vehicle cannot be ascertained. In the underlying action relating to this declaratory action, the claimant in his amended complaint pleaded that Hannon was the operator of the stolen vehicle which struck him. Default judgment was entered against Brian Hannon on August 12, 1991. Furthermore, counsel for NJM in its letter brief dated June 14, 1991, stated "... the identity of the operator is known in the present *179 case." Hence, Griffin is not a "qualified person" and may not recover as a pedestrian pursuant to N.J.S.A. 39:6-86.1. Cf., Betz v. Director of Division of Motor Vehicles, 47 N.J. Super. 449, 453, 136 A.2d 53 (Law Div. 1957), aff'd 27 N.J. 324, 142 A.2d 632 (1958).
It is only if N.J.S.A. 39:6-78 applies that N.J.S.A. 39:6-86.1 would apply. The footnote to this latter statute references N.J.S.A. 39:6-61 et seq., and hence the entire "Unsatisfied Claim and Judgment Fund Law" must be read in pari materia. Since N.J.S.A. 39:6-78 does not apply, there is another source of recovery, and Griffin is not remediless, Griffin is not entitled to payment from the UCJF. It must be remembered that the UCJF "funds are a last resort, not to be approached until all other legal remedies have been exhausted." Unsatisfied Claim & Judgment Fund Board v. Concord Ins., 110 N.J. Super. 191, 198, 264 A.2d 757 (Law Div. 1970).
The purpose of having the claimant "exhaust alternative sources of payment for losses caused by an uninsured motorist ... is to relieve the Fund of the financial burden relating to claims against uninsured motorists." Crocker v. Transport of New Jersey, 169 N.J. Super. 498, 500, 404 A.2d 1293 (Law Div. 1979) (citing Wormack v. Howard, 33 N.J. 139, 145, 162 A.2d 846 (1960); Hartford Ins. Co. v. Allstate Ins. Co., 127 N.J. Super. 460, 465, 317 A.2d 760 (App.Div.), aff'd, 68 N.J. 430, 347 A.2d 353 (1975)).
Accordingly, UCJF's motion is granted and NJM's motion is denied. An appropriate order shall be entered.

ORDER GRANTING SUMMARY JUDGMENT ON COUNTERCLAIM
THIS MATTER having been opened to the Court by Beattie Padovano, Esqs., attorneys for defendants, Unsatisfied Claim & Judgment Fund Board, Commissioner of Insurance, and Director of Division of Motor Vehicles, (improperly pleaded herein), for an Order Entering Summary Judgment against the *180 plaintiff, New Jersey Manufacturers Insurance Company on the Counterclaim asserted by said defendants, Unsatisfied Claim & Judgment Fund Board, Commissioner of Insurance, and Director of Division of Motor Vehicles, (improperly pleaded herein), and the court having reviewed the motion papers and there being no genuine issue of material fact, and all pertinent allegations with respect to said defendants' counterclaim having been shown, and for other good cause shown,
NOW THEREFORE, IT IS on this 4th day of November, 1991,
ORDERED that summary judgment be entered on defendants, Unsatisfied Claim & Judgment Fund Board, Commissioner of Insurance, and Director of Division of Motor Vehicles, (improperly pleaded herein), Counterclaim in favor of such defendants and against the plaintiff, New Jersey Manufacturers Insurance Company; and it is
FURTHER ORDERED that the plaintiff, New Jersey Manufacturers Insurance Company, is hereby declared obligated to provide payment for all medical bills incurred by the claimant Golden Griffin with respect to the accident of October 30, 1988; and it is
FURTHER ORDERED that the Complaint of New Jersey Manufacturers Insurance Company is hereby dismissed with prejudice; and it is
FURTHER ORDERED that a copy of this Order be served upon all counsel within 7 days of the date hereof.