**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1709-21

ALEXA BAEZ ZUCCO and
ENZO ZUCCO, her spouse,

      Plaintiffs-Appellants,

v.

WALGREEN EASTERN CO.,
INC., NUNNO & NUNNO, PTR.
LLC, BOROUGH OF LODI,
COUNTY OF BERGEN, STATE
OF NEW JERSEY,

      Defendants,

and

MERCER STREET LLC,

      Defendant-Respondent.

_____

Argued October 10, 2023 – Decided November 16, 2023

Before Judges Sabatino and Marczyk.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5482-19.

Grace Elizabeth Robol argued the cause for appellants (Davis Saperstein & Salomon PC, attorneys; Lisa Ann Lehrer, of counsel and on the briefs; Grace Elizabeth Robol, on the brief).

Edward Richard Nicholson argued the cause for respondent (Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson LLP, attorneys; William Daniel Buckley, on the brief).

PER CURIAM

This appeal involves the trial court's analysis of <u>Rule</u> 4:26-4 and <u>Rule</u> 4:9-3 in the context of a personal injury action. Plaintiffs, Alexa Baez-Zucco and her husband, Enzo Zucco, appeal the trial court's September 10, 2021 order granting Mercer Street, LLC summary judgment and the January 18, 2022 order denying plaintiffs' motion for reconsideration. Following our review of the record and the applicable legal principles, we affirm.

I.

On May 23, 2018, Baez-Zucco was walking in the parking area at a Walgreens store in Lodi, which was adjacent to other commercial businesses, when she slipped on loose gravel and rolled her ankle due to a surface depression in the parking lot pavement. Police responded to the scene, completed an investigation report, and identified the location of the accident as 20 Arnot Street

in Lodi.[1]  The property at 20 Arnot Street was owned by Walgreen Eastern, Co. Inc.

Plaintiffs retained counsel shortly after the incident, and on June 28, 2018, plaintiffs and their engineering expert Kelly-Ann Kimiecik, P.E., visited the scene of the fall.  Kimiecik's July 7, 2018 report[2] addressed to plaintiffs' law firm indicates the incident occurred as plaintiff was walking toward Walgreens "between the parking lot spaces and the adjacent building."[3]  Kimiecik opined the depression in the asphalt was caused by "water surface runoff from the adjacent building['s] downspout" coupled with poorly compacted subgrade and "freeze thaw cycles" which caused the pavement to crack.

While at the inspection of the fall site, Kimiecik encountered Tracie Nunno-D'Amico.  Kimiecik and Nunno-D'Amico were together earlier that day at a different site inspection for one of Nunno-D'Amico's cases.  Nunno-D'Amico is an attorney.  Kimiecik informed Nunno-D'Amico there had been a

---

[1]  A central issue in this case concerns the ownership of the portion of the parking lot where plaintiff fell and surrounding properties.

[2]  Kimiecik prepared two reports.  The first was dated July 7, 2018.  The second report, dated February 4, 2021, was submitted in support of plaintiffs' motion for reconsideration.

[3]  The adjacent building—2 Mercer Street—is owned by Mercer Street, LLC.

A-1709-21

fall at Walgreens, and she was performing an inspection. Nunno-D'Amico informed Kimiecik that her family "held ownership" of property in the area. However, Kimiecik notes in her February 4, 2021 report she "did not indicate the specific location of . . . plaintiff's incident" to Nunno-D'Amico.[4] Kimiecik reported this encounter with Nunno-D'Amico later that day to plaintiffs' law firm.

A year later, in July 2019, plaintiffs filed a complaint against defendants, Walgreen Eastern, Co., Inc., Nunno & Nunno PTR LLC ("Nunno & Nunno") a real estate holding company for property located at 2 Arnot Street, the Borough of Lodi, the County of Bergen, the State of New Jersey, and other fictitious parties.[5] Although plaintiffs named the Nunno & Nunno entity as a defendant,

_____

[4] Nunno-D'Amico testified at her deposition Kimiecik advised her plaintiff's fall occurred in the Walgreens parking lot. Nunno-D'Amico was concerned because she had already retained Kimiecik, and she did not want there to be a conflict because if plaintiff fell on the "other property" (2 Mercer Street, owned by Mercer Street, LLC), there could be a conflict because her parents owned that property and her father owned the law firm that retained Kimiecik in the case Nunno-D'Amico and Kimiecik were working on together earlier that day.

[5] Stipulations of dismissal were subsequently filed as to defendants, County of Bergen and the Borough of Lodi. The State of New Jersey was granted summary judgment.

A-1709-21

the true owners of the building with the downspout referenced in Kimiecik's report was Mercer Street, LLC.[6]  Thereafter, the parties engaged in discovery.

William Nunno answered plaintiffs' interrogatories on behalf of Nunno & Nunno.  Plaintiffs assert Nunno & Nunno's responses to interrogatories were inaccurate insofar as it responded it had no knowledge of Baez-Zucco's fall despite Nunno-D'Amico's encounter with Kimiecik in the parking lot at the time of the inspection.  Further, plaintiffs contend Nunno & Nunno did not disclose the location of plaintiff's fall was on a different property owned by a different Nunno family holding company.

Nunno-D'Amico was deposed on August 26, 2020.  At her deposition, plaintiffs assert they learned for the first time Mercer Street, LLC owned the 2 Mercer Street property in the area where plaintiff fell.  Plaintiffs subsequently moved for and obtained leave to amend the complaint to name Mercer Street, LLC as a defendant.  At the close of discovery, Mercer Street, LLC moved for summary judgment based on plaintiffs' failure to comply with the statute of

---

[6]  The principals of Mercer Street, LLC are Kathy Nunno and William Nunno alone.  The principals of Nunno & Nunno are Kathy Nunno, William Nunno, Tracie Nunno-D'Amico, Lois Nunno, and Alisa Nunno DiChiara.

A-1709-21

limitations. The trial court, as discussed more fully below, granted the motion, and denied plaintiffs' motion for reconsideration.

II.

Plaintiffs contend Mercer Street, LLC was timely joined pursuant to Rule 4:26-4 and that their claims relate back to the date of the original complaint and should not be barred by the statute of limitations under Rule 4:9-3. More specifically, plaintiffs assert they "did not know the identity of the exact Nunno entity responsible [for the] area of the fall prior to the defendant property owners advising of same." Plaintiffs further allege Nunno & Nunno and Mercer Street, LLC were the "same people," and despite this, Nunno & Nunno never identified the proper owner of the relevant property in its answers to interrogatories.

Defendant counters plaintiffs were aware of the building with the downspout that purportedly caused the dangerous condition, and there is no indication plaintiffs had difficulty in determining the address of the building adjacent to the parking lot where the fall occurred. Defendant further argues plaintiffs' expert reports, which described the dangerous downspout on the adjacent building to Walgreens, "illustrate plaintiff[s'] lack of diligence in searching for the owner of the site of the accident."

We review a grant of summary judgment by applying the same legal standard as the motion judge. Townsend v. Pierre, 221 N.J. 36, 59 (2015). We must determine whether there is a "genuine issue as to any material fact" when the evidence is "viewed in the light most favorable to the non-moving party." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting Rule 4:46-2(c); and then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference" and are reviewed de novo. Est. of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010). Our review of an order dismissing a complaint as barred by the statute of limitations is also de novo. See Est. of Hainthaler v. Zurich Com. Ins., 387 N.J. Super. 318, 325 (App. Div. 2006). We review a trial court's decision to grant or deny an ensuing motion for reconsideration for an abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996).

N.J.S.A. 2A:14-2(a) requires an action for personal injuries to be filed within two years after the accrual of the cause of action.[7] The principal

---

[7] The parties and the trial court agreed the two-year statute of limitation in this matter was tolled for fifty-six days "due to the pandemic of COVID-19" and

consideration underlying the enactment of statutes of limitations is one of fairness to defendants. Lopez v. Swyer, 62 N.J. 267, 274 (1973). Still, our courts also recognize the significant policy interest favoring the resolution of claims on their merits. Viviano v. CBS, Inc., 101 N.J. 538, 547-49 (1986) (noting that "[j]ustice impels strongly towards affording the plaintiffs their day in court on the merits of their claim" (quoting Farrell v. Votator Div. of Chemetron Corp., 62 N.J. 111, 122 (1973))). Therefore, certain procedural rules aim at balancing these competing interests.

One of those rules is the fictitious pleading rule, Rule 4:26-4, which provides in pertinent part:

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.
>
> [R. 4:26-4.]

---

plaintiffs had until July 18, 2020, to file their complaint. We do not agree with their assumption, since we previously concluded the Supreme Court did not toll the statute of limitations in its June 11, 2020 Fourth Omnibus Order. Rather, we noted, "the time period . . . [from] March 16, 2020, through May 10, 2020, was deemed a legal holiday pursuant to the Court's constitutional rule-making authority." See Barron v. Gersten, 472 N.J. Super. 572, 580 (App. Div. 2022). Regardless, this does not impact our opinion as plaintiffs' amended complaint was filed even beyond this date.

A-1709-21

Our Supreme Court has construed Rule 4:26-4 to allow "a plaintiff who institutes a timely action against a fictitious defendant to amend the complaint after the expiration of the statute of limitations to identify the true defendant." Viviano, 101 N.J. at 548. When this procedure is properly used, "an amended complaint identifying the defendant by its true name relates back to the time of filing of the original complaint . . . ." Baez v. Paulo, 453 N.J. Super. 422, 437 (App. Div. 2018) (quoting Viviano, 101 N.J. at 548).

Although the fictitious pleading rule allows a party to amend its complaint after the expiration of the statute of limitations, "case law has emphasized the need for plaintiffs and their counsel to act with due diligence in attempting to identify and sue responsible parties within the statute of limitations period." Id. at 438; see, e.g., Matynska v. Fried, 175 N.J. 51, 52-54 (2002); Claypotch v. Heller, Inc., 360 N.J. Super. 472, 479-80 (App. Div. 2003). Simply put, "Rule 4:26-4 may only be used by a plaintiff 'if a defendant's true name cannot be ascertained by the exercise of due diligence prior to filing the complaint.'" Baez, 453 N.J. Super. at 438 (quoting Claypotch, 360 N.J. Super. at 479-80 ("To be entitled to the benefit of the rule, a plaintiff must proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant.")).

As we stated in Baez, a plaintiff must satisfy two levels of diligence to be accorded the tolling benefits of the rule:

> First, a plaintiff must exercise due diligence in endeavoring to identify the responsible defendants before filing the original complaint naming John Doe parties. Second, a plaintiff must act with due diligence in taking prompt steps to substitute the defendant's true name, after becoming aware of that defendant's identity.
>
> [453 N.J. Super. at 439 (citations omitted).]

Here, in addressing plaintiffs' arguments under Rule 4:26–4, the trial court noted,

> [p]laintiff did not demonstrate diligent pre-suit effort to investigate and identify the owner of 2 Mercer Street . . . . The factual record shows an absence of diligent effort. At oral argument counsel represented the firm had performed a property tax search using the Walgreen address and that search showed Nunno & Nunno as the owner of the Walgreen premises, and that is why that entity was sued. (None of that was in the paper record for the summary judgment motion. Further discussion at oral argument suggested the search disclosing Nunno & Nunno as a property owner . . . for the 2 Arnot Street address, while the search of the Walgreen store address, 20 Arnot Street, identified Walgreen as the owner of that property.) Nothing was offered to demonstrate an effort to identify the address of the building on whose property plaintiff claimed she fell (2 Mercer Street), nor the owner of that building (Mercer Street, LLC).

The court further noted plaintiffs' expert reported shortly after the accident that Baez-Zucco had reported to her she was walking in an area adjacent to the parking lot between the parking lot and the adjacent building. The expert also noted runoff from an adjacent building contributed to the cause of the accident. The court concluded plaintiffs' counsel was aware that Walgreens may not own the walkway where plaintiff fell, and the downspout from an adjacent property potentially caused the asphalt defect. The court stated:

> [p]laintiff provided no information to suggest any effort was made to identify the owner of 2 Mercer Street . . . although plaintiff, her expert, and counsel knew the alleged location of her fall before the lawsuit was filed. The court is hard-pressed to accept that as the diligence required to avail oneself of the fictitious party rule . . . .

We find no error in the court's analysis. Here, five weeks after the incident, plaintiffs' engineer inspected the property. Plaintiffs' counsel received Kimiecik's report—long before the filing of the complaint and the running of the statute of limitations—regarding the downspout issue on the adjacent property that caused or contributed to the dangerous asphalt depression that led to Baez-Zucco's fall. A plaintiff cannot employ the fictitious party rule after expiration of the statute of limitations unless it can demonstrate a party's identification was not readily discoverable sooner. Here, there was no such showing. There is nothing in the record to suggest plaintiffs conducted a title

11

search or tax record search of the property adjacent to 20 Arnot Street where Walgreens was located. That is, plaintiffs did not utilize the information derived from Kimiecik's report to ascertain, with due diligence, the owner of 2 Mercer Street. Apparently, there was no other visit to the location of the fall to ascertain the address or owners of the property. There is also no indication a tax search or title search was conducted of 2 Mercer Street in order to identify Mercer Street, LLC. Further, there is also no indication in the record plaintiffs served interrogatories or requests for admissions on Nunno & Nunno with photos of the building with the downspout requesting information as to who owned the building.

Plaintiffs assert they "did not know the identity of the exact Nunno entity responsible [for the] area of the fall prior to the defendant property owners advising of same." We are unpersuaded by this argument. The issue here was not which Nunno entity to sue, but rather a matter of identifying the property owner potentially liable for the fall, specifically 2 Mercer Street. Kimiecik's report specifically identified the alleged dangerous condition, the downspout on the building adjacent to the Walgreens parking lot near the area of the fall. The expert acknowledged that Nunno-D'Amico advised her family owned one of the nearby buildings, yet the record is bereft of any specific efforts to identify the

owner of the building with the downspout that purportedly contributed to the depression on the pavement which caused the fall. Instead, it appears there was only a general search of nearby properties owned by members of the Nunno family. Nunno & Nunno, who was named as a defendant, was located at 2 Arnot Street, which was not the building with the downspout at issue. Plaintiffs' counsel notes, "Kimiecik provided plaintiffs with a deed and property detail for 2 Arnot Street" following her discussion with Nunno-D'Amico. However, that is not the property with the alleged dangerous downspout condition nor is there any discussion of what efforts were made to identify the address of that property.

Plaintiffs assert they conducted a corporate search to "identify the Nunno entity that owned the subject property" following Kimiecik's inspection. However, plaintiffs do not identify the "subject property" for which they searched. It is clear they did not search for the owner of the property (2 Mercer Street) identified by Kimiecik with the downspout that allegedly caused the asphalt depression. Rather, plaintiffs apparently searched instead for the owner of 2 Arnot Street, which is not adjacent to the fall at issue. That is, plaintiffs did not conduct a search focused upon the property described in their expert report. After the engineer visited the property, there is no indication of any further visits to the location of the fall by plaintiffs' representatives to determine

13

the owners of the adjacent properties.  Nor was there any timely effort to identify what property Nunno D'Amico was discussing when she advised Kimiecik that her family "held ownership" of property in the area of the fall.  We conclude plaintiffs did not satisfy the requirement of Rule 4:26-4.

Turning to the trial court's discussion of Rule 4:9-3, we note the relation back rule provides an independent basis to permit the filing of an amended complaint under the principle of fundamental fairness.  R. 4:9-3.  A plaintiff adding a new party after the expiration of a statute of limitations must establish:

> (1) the claim asserted in the amended complaint arose out of the conduct, transaction, or occurrence alleged or sought to be alleged in the original complaint; (2) the new defendant had sufficient notice of the institution of the action [prior to the expiration of the statute of limitations] not to be prejudiced in maintaining his or her defense; and (3) the new defendant knew or should have known that, but for the misidentification of the proper party, the action would have been brought against him or her.
>
> [Viviano, 101 N.J. at 553 (citing Smelkinson v. Ethel & Mac Corp., 178 N.J. Super. 465, 471 (App. Div. 1981)).]

In addressing plaintiffs' relation back argument under Rule 4:9-3, the trial judge noted:

> Similarly, the two defendant LLC's are separate legal entities, with separate insurance coverage.  Other than establishing that William and Kathy Nunno are

14

members of both LLC's, plaintiff has not offered any facts that would support a finding that Mercer Street LLC should have known, before it was sued, that plaintiff would have sued it instead of Nunno & Nunno but for a mistake in the identity of the correct party. (R. 4:9-3).

The court observed that Nunno & Nunno certified, in answering interrogatories, it did not own the premises where the accident was alleged to have occurred and that "upon information and belief" Walgreens owned the parking lot. Recall, plaintiffs' complaint identified the location of the fall as a "parking lot abutting the premises, owned . . . by . . .Walgreen[s] . . . Nunno & Nunno . . . at or near 20 Arnot Street . . . ." The court noted the complaint did not give notice that plaintiff fell on a walkway in an area near 2 Mercer Street. While plaintiffs contend William Nunno withheld the identity of the true owner of Mercer Street, LLC, the court noted plaintiff did not identify an interrogatory that requested that information.

We are unpersuaded by plaintiffs' arguments and affirm the trial court's decision concluding plaintiffs failed to demonstrate they were entitled to relief under Rule 4:9-3. Here, there was a question as to the owner of the property

15

where the fall actually occurred throughout this case.[8]  Plaintiffs' complaint identified the accident as occurring "at or near" 20 Arnot Street, the address of Walgreens.  Although Nunno-D'Amico encountered Kimiecik in the parking lot during her inspection, Kimiecik noted in her report she never advised Nunno-D'Amico about "the specific location" of plaintiff's fall.  Therefore, we agree with the trial court there was no indication in the record that "Mercer Street LLC should have known, before it was sued, that plaintiff would have sued it instead of Nunno & Nunno but for a mistake in the identity of the correct party."

---

[8]  When Nunno-D'Amico was eventually deposed, she identified 2 Mercer Street as belonging to Mercer Street, LLC, but testified plaintiff fell on an area owned by Walgreens based on a photo presented to her at the deposition depicting plaintiff in the area of the fall.  Nunno-D'Amico was aware of the suit against the Nunno & Nunno entity as she testified she attempted to twice call plaintiffs' law firm to advise Nunno & Nunno was not the owner of the parking lot where plaintiff fell.  She also testified Nunno & Nunno's insurance carrier was considering denying coverage because the accident did not occur on Nunno & Nunno's property.  Although the better practice would have been for Nunno-D'Amico to have sent a letter or made some other effort to notify plaintiffs' firm, Nunno & Nunno's answers to interrogatories clearly stated it did not own the property where the fall occurred.  Furthermore, the failure to identify Mercer Street, LLC stemmed from plaintiffs' failure to follow up on the information voluntarily provided by Nunno-D'Amico to Kimiecik and, more importantly, the failure to further investigate Kimiecik's independent observation concerning the downspout on 2 Mercer Street that caused the defect where plaintiff fell.

16

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17                                                     A-1709-21